**United States District Court For**

**The Eastern District of Pennsylvania**

Mr. Mark Walls
196 Penns Grove Road
Oxford, PA 19363                                    Case No.:
      Plaintiff
v.

Miller Edge, Inc.
300 North Jennersville Rd.
West Grove, PA 19390
      Defendant

And

Mr. John Caggiano, Former and now Retired Director
of Manufacturing & Supply Chain, Miller Edge, Inc.,
16 Augustine Boulevard, Middletown, DE 19709.

 And

Mr. Tim Castello, Vice President of Manufacturing and
Product Development at Miller Edge, Inc., 300 North
Jennersville Rd, West Grove, PA 19390

## COMPLAINT

1.    Plaintiff is Mr. Mark Walls, an adult individual who resides at 196 Penns Grove Road,

Oxford, PA 19363.

2.    DEFENDENTS are:

    a.    Employer: Miller Edge, Inc., 300 North Jennersville Road, West Grove, PA

        19390.

    b.    Mr. John Caggiano, Former and now retired Director of Manufacturing & Supply

        Chain, Miller Edge, Inc., 16 Augustine Boulevard, Middletown, DE 19709.

c.  Mr. Tim Castello, Vice President of Manufacturing and Product Development at Miller Edge, Inc., 300 North Jennersville Road, West Grove, PA 19390.

3.      Miller Edge, Inc., operates in at least two (2) locations, with a total of over 79 employees at all locations, and approximately 50 - 60 employees in West Grove, PA location (per Defendant's website).

## ADVERSE EMPLOYMENT ACTIONS

4.      Plaintiff brings this action due to the intentional actions of his employer, Defendant, Miller Edge, by interfering with, discriminating and retaliating against him for attempting to invoke his right to return from medical leave under the Family Medical Leave Act.

5.      Plaintiff began his employment with Defendant in 2008 and remains employed by the Defendant through the filing of this complaint. At the time of his leave request, he was employed by Defendant for a period of approximately 11 years.

6.      Additionally, at the time of his leave request and every subsequent request, Plaintiff had worked for least 1,250 hours with Defendant during the 12-month period prior to his taking leave.

7.      As such Plaintiff was an eligible employee under the definitional terms of the FMLA.  29 U.S.C. §§ 2611(2)(A)(i),

8.      At all times relative to Plaintiff's claims and at the time of his initial leave and return to work, Defendant was an entity engaged in commerce or in any industry or activity affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year to Plaintiff taking leave.  29 U.S.C. § 2611(4)(A)(i).

9.     Plaintiff provided sufficient notice of his intent to exercise his rights to take and return from medical leave under the FMLA.

10.    Immediately and for several months prior to his leave, Plaintiff had a serious health condition in the form of avascular necrosis, a medical condition that required both continuous medical treatment and inpatient care at a hospital. Plaintiff gave appropriate notice on April 22, 2019 to the employer in advance of the leave of absence by notifying Defendant's supervisor as well as Human Resources through his spouse, Jacquelyn Walls, who also was employed with the Defendant at that time as Human Resources Manager.

11.    Defendant acknowledged Plaintiff's entitlement to FMLA protection by granting his leave following the April 22, 2019 notice. However, upon Plaintiff's attempt to return to work on between August 29 through September 3, 2019 he experienced interference with his exercise of these rights when upon his initial request to return to work he was denied light duty accommodations despite such a position being available and having been granted to other employees returning after a medical leave who had not exercised their rights under the FMLA, such as leave due to a work related injury. He ultimately returned to work after this denial.

12.    A causal connection exists between Plaintiff's exercise of his rights under the FMLA and Defendant's refusal to grant light duty status is demonstrated by the immediate, temporal proximity of his attempt to return to work and Defendant's immediate refusal.

13.    At the time of his request to return to work Plaintiff was able to perform the regular duties of his position with reasonable accommodation which consisted of temporary lifting restrictions. Jacquelyn Walls attempted to facilitate Plaintiff's return but was

denied doing so by both Plaintiff's supervisor and an executive of Defendant, Mr. John Caggiano, Director of Manufacturing & Supply Chain. Mr. Caggiano persisted in the denial and did not reengage Plaintiff to his prior position.

14.     Plaintiff pointed out to the Defendant that the Defendant, including to its Controller and subsequent Human Resource Manager that the Defendant currently had employees on light duty and had made accommodations in the past. Plaintiff presented viable solutions for Plaintiff to work with the restrictions by performing any manual lifting with a forklift. Despite being presented these alternatives, Defendant continued to deny Plaintiff's return to work from FMLA causing him to have to utilize more FMLA leave than required.

15.     In addition to the denial of a light duty accommodation further improper harassment of Plaintiff included multiple attempts by Defendant, Mr. Caggiano to interfere in his return to work when he tried to force Plaintiff's own supervisor to initiate discipline for pretextual and unfounded complaints of dishonesty and inventory irregularity. These attempts at interfering with Plaintiff's rights occurred when Mr. Caggiano gave direct instructions to Mr. Walls' supervisor to discipline or reprimand Plaintiff for conduct allegations later determined as unfounded by the Defendants and the then Human Resources Manager.

16.     Despite the complaints regarding harassment and discrimination by Defendant Caggiano, Defendant Castello condoned Defendant Caggiano's behavior and actions toward Plaintiff. Defendant Castello overruled objections raised by Jacquelyn Walls and thee Controller and continued to allow the illegal treatment of Plaintiff during and after his FMLA leave.

17. On September 25, 2019, shortly after Mr. Walls' return to work from FMLA, Mr. Walls' supervisor attempted to initiate a disciplinary corrective action against Mr. Walls for alleged dishonesty involving certain inventory items (harness parts). It is believed that the instruction to file the disciplinary action was originated by Defendant Caggiano. This instruction was given to Plaintiff's wife as the Human Resource Manager even though the Employer had previously removed her from involvement with Human Resource matters involving Plaintiff.

18. Other examples of Defendant's improper treatment of Plaintiff abound, including an instance when Plaintiff was falsely accused of improper inventory counts involving foil material reports and again in the fall of 2020, when it was determined that a certain number of inventory items, parts numbers 210-18 connectors, could not be located even though Plaintiff was able to establish delivery on his part to the intended recipient. Despite Plaintiff's ability to do so, Defendant Caggiano repeatedly raised this allegation of ineptitude and dishonesty as examples of poor performance by Plaintiff.

19. These allegations of poor performance and dishonesty were never asserted prior to Plaintiff's exercise of his rights under the FMLA.

20. On January 16, 2020 Plaintiff filed a complaint with the EEOC regarding his denial of light duty work and FMLA interference and was issued a Right to Sue Letter on or about August 14, 2020.

21. Since the filling of his EEOC complaint the hostility and antagonism toward Plaintiff only escalated.

22. Since his eventual return to work in September 2019, Plaintiff has unfortunately been forced to exercise his rights under the FMLA for medical leave on two additional

occasions. On each occasion, the Defendant was able to accommodate his leave in terms of light duty work despite denying this right in September 2019, due in part to a change over in personnel, including Defendant Caggiano. With this change in management, Defendant was able to return Plaintiff to his position with light duty without objection.

23. On January 8, 2021, Plaintiff's wife was demoted and given a pay cut from approximately $67,500 to $45,000 annually, a 30%+ pay reduction without cause or justification; conducted was motivated in retaliation against her complaining about Defendant's treatment. On January 15, 2021, his wife's employment with Defendant was terminated.

## COUNT ONE: FAMILY AND MEDICAL LEAVE ACT INTERFERENCE

24. Plaintiff incorporates the allegations set forth above in paragraphs 1 - 23 as if fully set forth herein.

25. Defendant's action of failing to return Plaintiff to his original position is classified as interference under FMLA statutes.

26. Plaintiff has established his entitlement to exercise his rights under the FMLA in April 2019, due to his years with the Defendant employer, his lack of use of FMLA in the preceding 12 months, and Employer's size.

27. Plaintiff has established that Defendant intentionally interfered with his ability to fully exercise these rights through various examples of hostility, antagonism and direct evidence of denial of light duty work otherwise provided or available.

28. Plaintiff demonstrated hostility and antagonism through harassment from Defendant Caggiano, with knowledge of Defendant Costello. Plaintiff described several complaints

brought to the attention of the Human Resources department, the Controller and other management personnel.

29.  Plaintiff has demonstrated that despite these instances being brought to the Defendant's attention, no remedies were instituted, and the hostile and antagonistic conduct was allowed to continue.

30.  As a direct and proximate result of these instances of hostility and antagonism, Plaintiff was harmed via being denied the ability to return to work for several weeks at light duty; his relationship with the Defendant Employer was threatened and jeopardized with unfounded allegations of dishonesty. Additionally, Plaintiff suffered from severe emotional distress from the continual hostility and antagonism.

Wherefore, for the reasons set forth above, Plaintiff, Mark Walls, prays that this Honorable Court Grant judgment in his favor on the causes of action and for the relief requested above.

## COUNT TWO: FMLA Discrimination Claim

31.  Plaintiff incorporates the allegations set forth above in paragraphs 1 - 30 as if fully set forth herein.

32.  As set forth above, Plaintiff has established a right to recover on this discrimination claim against Defendant by establishing that Defendant intentionally discriminated against Plaintiff and that his taking leave was a motivating factor in Defendant's decision maker's refusal to return Plaintiff to his original position and speak negatively to other employees of Defendant regarding Plaintiff while he was exercising leave.

33.   Plaintiff has established that he suffered from a serious medical condition qualified under FMLA, that this condition was a "serious health condition," as defined in the statute, that he gave appropriate notice of his need to be absent from work.

34.   Plaintiff has demonstrated that he was not reinstated in his job upon return from leave and he has demonstrated via the negative and derogatory comments made by management personnel during his leave and since, that his taking leave was a determinative factor in Defendant's decision to not return Plaintiff to his original position and make negative comments about Plaintiff's performance while he was on protected leave.

35.   Both forms of adverse actions were a result of Plaintiff exercising leave; others had been accommodated previously due to varying circumstances not involving FMLA and prior to his initial leave Plaintiff was not the subject of hostile and antagonistic treatment.

36.   As a direct and proximate result of the hostility and antagonistic behavior directed toward Plaintiff, he suffered adverse employment actions such as damage to his reputation within the company, loss of earnings, threats of discipline, and loss of mobility.

37.   Plaintiff suffered loss of earnings and is due punitive damages, emotional distress damages and reimbursement for legal fees totaling $250,000.

Wherefore, for the reasons set forth above, Plaintiff, Mark Walls, prays that this Honorable Court Grant judgment in his favor on the causes of action and for the relief requested above.

## COUNT THREE: FMLA RETALIATION CLAIM

38.   Plaintiff incorporates the allegations set forth above in paragraphs 1 - 37 as if fully set forth herein

39.   As set forth above, Plaintiff has established all of the following elements:

a.   Plaintiff filed a complaint that the Defendant was retaliating against him on the basis of protected activity under FMLA, in doing so he established that he was acting under a reasonable, good faith belief that his rights under the Family and Medical Leave Act were violated, regardless of the outcome of the complaint.

b.   Plaintiff was subjected to a materially adverse action at the time, or after, the protected conduct took place via the denial of return to Plaintiff's original position and negative comments about Plaintiff's performance while on leave and after, which were serious enough that it well might have discouraged a reasonable worker from attempting to return to work to a hostile work environment.

c.   There was a causal connection between Plaintiff's internal complaint and a material adverse employment action. Plaintiff can establish the causal nexus through timing, that is Defendant's actions followed immediately upon is request to return to work and again shortly after Defendant became aware of Plaintiff's complaint of retaliation.

d.   Additionally, however, Plaintiff established that Defendant engaged in hostile actions once Plaintiff returned to work later under no physical restrictions. This included constant work criticisms by his supervisor as well as giving Plaintiff unreasonable

number of tasks in a work shift and then criticizing him for such work. This level of

criticism and actions did not exist prior to the onset of the FMLA leave for Plaintiff

**40.**     Defendant's actions were willful and malicious with the intent to cause harm to Plaintiff.

Wherefore, for the reasons set forth above, Plaintiff, Mark Walls, prays that this

Honorable Court Grant judgment in his favor on the causes of action and for the relief requested

above.

Respectfully submitted:

**THE O'MEARA LAW FIRM, PC**

BY:     s/*Anita Fulwiler O'Meara, Esquire*

_____

Anita Fulwiler O'Meara, Esquire

Attorney for Plaintiff,

Mark Walls

**VERIFICATION**

I, Mark Walls, Plaintiff , hereby verify that the statements contained in this Complaint are

true and correct to the best of my knowledge, information and belief. COMPLAINANT

understands that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904,

relating to unsworn falsification to authorities.

By: Plaintiff , s/ *Mark Walls*


_____

Mark Walls

Date: September 07, 2022